RANDUSTRIAL BENEFIT PLAN ET AL.,
APPELLANTS, *v.* ROLLINS BURDICK
HUNTER AGENCY OF OHIO, INC. ET AL.,
APPELLEES.

(Nos. 47386 and 47633—Decided
April 30, 1984.)

*Mr. Dan L. McGookey,* for appellants.

*Mr. Charles Kampinski* and *Mr. Ed E. Duncan,* for appellees.

DAY, C.J. Plaintiffs-appellants Randustrial Benefit Plan et al. (plaintiffs) appeal from the court of common pleas' granting of a motion for summary judgment in favor of defendants-appellees Rollins Burdick Hunter Agency of Ohio, Inc. et al. (defendants). For reasons adduced below, the judgment is reversed and the cause remanded.

I

Plaintiffs originally filed an action against defendants in the Court of Common Pleas of Cuyahoga County, case No. 46909. Plaintiffs subsequently dismissed that case by filing a "notice to dismiss" on November 24, 1982.

The same action was filed by plaintiffs against defendants in the United States District Court of the Northern District of Ohio, Eastern Division. After defendants filed an answer to that action, plaintiffs filed a "notice to dismiss" on February 22, 1983. At the bottom of that notice the District Court wrote, "it is so ordered," and caused the order to be journalized. The case was dismissed without prejudice.

Plaintiffs filed a second court of common pleas action in the Cuyahoga County Court of Common Pleas, case No. 55550. Defendants moved for summary judgment, pursuant to Civ. R. 41(A)(1). The motion was granted by the trial court on July 25, 1983.

Subsequent to the granting of defendants' motion for summary judgment, plaintiffs filed a motion for relief from judgment under Fed. R. Civ. P. 60(a), (b)(1) and (b)(6) in the previously mentioned District Court case. The District Court, pursuant to order filed August 19, 1983, indicated that Fed. R. Civ. P. 60(b) does not provide for relief by clarification. However, the District Court also indicated that the case had been dismissed by order of the court rather than by notice. The court went on to say:

"The record itself indicates that the dismissal in this case could not have been and was not made pursuant to Fed. R. Civ. P. 41(a)(1)."

The District Court reasoned that Fed. R. Civ. P. 41(a)(1) was inapplicable to the case because an answer had been filed; defendants had not stipulated to dismissal without prejudice; and, the document entitled "notice of dismissal" was insufficient to achieve dismissal of the case.

This appeal challenges the grant of summary judgment by the trial court in the second court of common pleas action.

## II

There are two assignments of error[1]:

*Assignment of Error No. I:*

"The trial court erred in granting defendants-appellees' motion for summary judgment and in denying plaintiffs-appellants' motion for relief from judgment in that there has not been a second dismissal by notice of an action against defendants-appellees which would trigger Ohio Rule of Civil Procedure 41(A)(1)."

*Assignment of Error No. II:*

"The trial court erred in granting defendants-appellees' motion for summary judgment and in denying plaintiffs-appellants' motion for relief from judgment in that the second dismissal of an action between these parties did not occur in an Ohio court, as is necessary to activate O.R.C. [*sic*] 41(A)(1) and the dismissal in federal court cannot be considered."

Because the two assignments of error are interrelated they will be disposed together.

A summary of the facts in this case indicates that the plaintiffs filed and then dismissed their first cause of action in the court of common pleas, refiled the same action in the United States District Court, attempted dismissal by notice, were dismissed without prejudice by federal court after an answer to the federal action had been filed. Plaintiffs then filed for the second time in the court of common pleas. Thus there were three filings in all. The third and last evoked defendants' motion for summary judgment. The grant of that motion triggered the current appeal.

Termination of the two earlier actions by " 'notice of dismissal' would bar those claims as *res judicata,*" *Graham* v. *Pavarini* (1983), 9 Ohio App.

3d 89, 94. Thus the status of the federal dismissal is vital to the disposition of this appeal. This is so because Ohio Civ. R. 41 provides in pertinent part:

"(A) Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. * * *[A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that *a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.*" (Emphasis added.)

And, if the federal dismissal counts as notice dismissal under the rule, the plaintiffs are finished.

In its second order filed August 19, 1983, the District Court made it quite clear that it was dismissing plaintiffs' action by an order pursuant to Fed. R. Civ. P. 41(a)(2) because defendants had filed their answer prior to plaintiffs' "notice of dismissal." Therefore, under Civ. R. 41(A)(1) the "double dismissal" rule is inapplicable because the action in the District Court was not terminated by plaintiffs' "notice of dismissal," but by an order of the court. This disposition moots the question whether the phrase "any court" in Civ. R. 41(A)(1) means "any court in Ohio" or "any court anywhere" including those in the federal jurisdiction.

Assignment of Error No. I is well-taken. Assignment of Error No. II is

---

[1] Both assignments inexplicably refer to a "motion for relief from judgment." Such a motion seems totally irrelevant to the case on appeal.

made irrelevant by the disposition of the first.

Judgment reversed and cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

PARRINO and MARKUS, JJ., concur.