**HAM, Appellant,**

v.

**PARK, Appellee.**

[Cite as *Ham v. Park* (1996), 110 Ohio App.3d 803.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69081.

Decided May 6, 1996.

804

*Watson & Watson* and *Michael Troy Watson,* for appellant.

*Morton Kaplan,* for appellee.

HARPER, Presiding Judge.

Plaintiff-appellant, Irving Ham, appeals from the dismissal of his complaint for divorce against defendant-appellee, Linda Park, by the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. Appellant submits that the Civ.R. 41(B)(1) dismissal with prejudice was erroneous in and of itself or was based upon the trial court's failure either to continue the matter or to issue prior notice as to the dismissal. A careful review of the record compels a reinstatement of appellant's complaint in the trial court.

Appellee alleged that she was a victim of domestic violence in an early 1991 civil protection action filed against appellant (D–207875) pursuant to R.C. Chapter 3113.[1] Appellant answered the complaint and presented a counterclaim premised upon a common-law marriage, but appellee denied the marriage. The trial court set a hearing date to determine the existence of a common-law marriage, presumably to determine whether it possessed jurisdiction over the parties. Appellant voluntarily dismissed his counterclaim on or about February 10, 1993 pursuant to Civ.R. 41(A)(1)(a).

Appellant then filed a complaint for divorce against appellee on September 23, 1993 (D–228692). The trial court originally set the case for hearing before a referee on May 11, 1994. The case was continued three times, with the final hearing date scheduled for November 21, 1994. Appellant requested two of the continuances due to appellee's alleged failure to comply with discovery requests.

Appellant's counsel filed a motion to withdraw on November 8, 1994. Though the trial court's judgment entry, which indicated the granting of the motion, was

---

1. The court file for D–207875 is not in this court's possession. The procedural history of the case is contained in the referee's report relating to the present case.

dated November 8, 1994, the actual filing date was November 23, 1994, as exemplified by the clerk of court's time-stamp.[2]

Meanwhile, the matter proceeded to hearing before a referee as scheduled on November 21, 1994. The referee's report dated January 24, 1995 reveals that appellant's new counsel, Michael Troy Watson, filed a motion for continuance on November 16, 1994 in D–207875, the civil protection case voluntarily dismissed by appellant in early 1993; appellant was not granted a continuance. Watson, therefore, orally moved to dismiss D–228692 without prejudice. The referee found that Civ.R. 41(A)(1) was not applicable since appellant had not filed a motion to dismiss prior to trial.

Appellant was present in the courthouse on the date of the hearing, but he did not present any evidence to the referee with regard to his claim of common-law marriage. The referee recommended that appellant's complaint for divorce be dismissed for lack of prosecution under Civ.R. 41(B)(1). The referee stated further that the dismissal should be with prejudice as a result, in part, of appellant's Civ.R. 41(A)(1)(a) dismissal of his common-law marriage claim in D–207875.

Appellant filed objections to the referee's report on February 8, 1995, and an addendum within the next three weeks. Appellant contested the referee's recommendation that the case be dismissed with prejudice for failure to prosecute. He also offered the denial of the request for a continuance of the November 21, 1994 hearing as demonstrating the impropriety of the referee's recommendation, especially in light of his prior counsel's motion to withdraw from the case.

The trial court overruled the objections, and approved and adopted the referee's recommendations on April 18, 1995. The court's judgment entry reads in part:

"The Court finds Plaintiff failed to prosecute his cause of action aganist [*sic* ] Defendant on the date of trial, November 21, 1994.

"Plaintiff's motion for continuance filed November 16, 1994 was filed under Case No. D–207875, a matter which was dismissed on February 10, 1993 (Volume 2119, Page 481). Therefore no ruling on said motion to continue shall be made under the instant case number.

---

2. Loc.R. 7(A) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, governs the withdrawal of a party's attorney. The rule provides that once an attorney appears on a party's behalf, the attorney is not relieved of his responsibility until he or she timely files a written motion with the court, and the court grants the motion.

"The Court further finds that where one party alleges a common-law marriage, and having once dismissed a cause of action alleging a similar claim, a second dismissal by the Court for failure to prosecute operates as an adjudication on the merits barring further actions on the existence of a common-law marriage.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case as well as all pending motions are dismissed with prejudice."

This appeal followed, with appellant claiming the following as error:

"I. The trial court abused its discretion by dismissing plaintiff's complaint with prejudice for want of prosecution without complying with the mandatory notification of Civ.R. 41(B)(1).

"II. The trial court abused its discretion by failing to grant plaintiff continuance of trial date because plaintiff had just retained new counsel and counsel needed time to become abreast with the case.

"III. The trial court committed prejudicial error by holding that the plaintiff having once dismissed his complaint for divorce, a second dismissal by the court for failure to prosecute operates as an adjudication on the merits barring further action on the existence of a common-law marriage."

█ Appellant's first assignment of error first presents the issue of whether the trial court provided the necessary notice under Civ.R. 41(B)(1) prior to dismissing the complaint for failure to prosecute. Second, he asserts that unless there was evidence that he violated a court order, of which none exists, a Civ.R. 41(B)(1) dismissal is inappropriate.

Civ.R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

█ Regarding the first issue raised by appellant, the courts of Ohio consistently hold that the failure to give notice under the rule is critical and constitutes reversible error. See *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361; *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881; *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951; *Rankin v. Willow Park Convalescent Home* (1994), 99 Ohio App.3d 110, 649 N.E.2d 1320; *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 642 N.E.2d 48. The notice requirement permits a party facing dismissal to explain why the case is not subject to dismissal. See *Perotti; Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299; *Rucker v. Cvelbar Body & Paint Co.* (Dec. 7, 1995), Cuyahoga App. No. 68573, unreported, 1995 WL 723307.

Judge John McCormac, a member of the panel in *Metcalf, supra,* discussed the purpose behind affording notice in McCormac, Ohio Civil Rules Practice (Cum. Supp.1991) 177, Section 13.07. This section provides:

"[N]otice of intended dismissal is a condition precedent to dismissal in order to provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should be dismissed without prejudice. *Had counsel for the defaulting party been present at the scheduled trial date and been unable or unwilling to proceed, it would be sufficient notice* to move the court to dismiss the case immediately with prejudice for failure to prosecute because there would be an opportunity to respond then to show why the case should not be dismissed either with or without prejudice." (Emphasis added and footnote omitted.)

Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Wozniak,* 90 Ohio App.3d at 409, 629 N.E.2d at 506; *In re Adoption of Foster* (1985), 22 Ohio App.3d 129, 131, 22 OBR 331, 332–333, 489 N.E.2d 1070, 1072–1073.

In the present case, the referee's report is the only record of the proceedings held before the referee as appellant did not provide a transcript of the hearing to this court. The referee's report indicates that appellant's counsel was present at the scheduled hearing date of November 21, 1994. Under these circumstances, since it is presumed under *Knapp* and *Wozniak* that appellant's attorney had the opportunity to respond to the impending dismissal, notice was provided to appellant as required under Civ.R. 41(B)(1). See *Metcalf, supra; Augusta v. Rossi* (Mar. 25, 1994), Trumbull App. No. 93–T–4866, unreported, 1994 WL 117113; see, also, *Carr v. Green* (1992), 78 Ohio App.3d 487, 605 N.E.2d 431.

Appellant's remaining complaint is that there was no evidence that he violated a court order. He argues that a Civ.R. 41(B)(1) dismissal can only be based upon such a violation. However, the rule clearly states that such dismissals are warranted for failure to prosecute, *e.g.,* by failing to present evidence in

support of an asserted claim, a conclusion reached by the trial court. Appellant, however, does not challenge this conclusion in his first assignment of error.

Appellant's first assignment of error is accordingly overruled.

Appellant, in his second assignment of error, asserts that the trial court abused its discretion in denying him a continuance. He specifically asserts that given his prior counsel's motion to withdraw, and his new counsel's unfamiliarity with the case, his request for a continuance was reasonable.

This court recognizes Loc.R. 3 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, wherein it is stated that written motions for continuance must be filed with the trial court once a case is set for hearing. We also recognize that the trial court did not consider appellant's written motion for continuance since it was filed in D–207875. We will nonetheless review the assignment as if appellant properly requested a continuance.

Even though the trial court within the instant matter did not rule on the motion to withdraw until after the scheduled date of the hearing, there is no dispute that appellant was represented by his new counsel at the hearing. The sole issue, therefore, is whether the trial court should have granted a continuance.

The grant or denial of a continuance lies within the sound discretion of the trial court. *State v. Lorraine* (1993), 66 Ohio St.3d 414, 423, 613 N.E.2d 212, 220; *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1079–1080; *Bland v. Graves* (1994), 99 Ohio App.3d 123, 129, 650 N.E.2d 117, 121–122. The ultimate ruling is thus reviewable for an abuse of discretion. "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1291, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 154–55.

A review of a trial court's decision to grant or deny a continuance consists of a balancing test—the trial court's interest in controlling its own docket, including facilitating and prompting an efficient dispatch of justice, versus any potential prejudice to the moving party. *Unger; Bland.* Some of the objective factors to be considered by a trial court in evaluating the need for a continuance are the following:

"the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance;

and other relevant factors, depending on the unique facts of the case." *Unger,* 67 Ohio St.2d at 67–68, 21 O.O.3d at 43, 423 N.E.2d at 1080. See *Bland.*

Appellant herein suggests that the trial court abused its discretion in denying the continuance because of his prior counsel's motion to withdraw and his new counsel's unpreparedness at the hearing. "[A] judge's denial of a continuance because of counsel's unpreparedness is not an abuse of discretion if the unpreparedness was avoidable." *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617, 622. See, also, *Bland; Touche Ross & Co. v. Landskroner* (1984), 20 Ohio App.3d 354, 20 OBR 459, 486 N.E.2d 850. Since appellant failed to provide a transcript of the hearing before the referee, and the record otherwise fails to demonstrate the unavoidability of Watson's unpreparedness, this court must presume regularity in this assignment as well. *Knapp; Wozniak.*

In an attempt to avoid a validation of the continuance denial, appellant cites *Griffin v. Lamberjack* (1994), 96 Ohio App.3d 257, 644 N.E.2d 1087, to demonstrate the impropriety of the ruling. However, a review of *Griffin* reveals that it is factually distinguishable from the present case.

A jury trial on a quiet title complaint was scheduled in *Griffin* for February 23, 1993. Lamberjack filed a *pro se* motion for a continuance on February 18, 1993, the day after his attorney filed a motion to withdraw. The trial court overruled both the motion for a continuance and the motion to withdraw on the day before trial. *Id.* at 261, 644 N.E.2d at 1089–90.

Lamberjack's attorney renewed the withdrawal motion on the day of trial. The trial court granted the motion, but then denied Lamberjack's motion for continuance which was based upon the withdrawal. Instead, the court ordered Lamberjack to proceed *pro se.* *Id.* at 262, 644 N.E.2d at 1090.

In the instant action, appellant was aware of the motion to withdraw filed by his counsel on November 8, 1994. The hearing on appellant's complaint was set for November 21, 1994, two weeks after the filing of the motion. The trial court thus did not force appellant to proceed *pro se,* and appellant's new counsel, Watson, was present at the hearing, distinguishing this case from *Griffin.*

Appellant's second assignment of error is accordingly overruled.

Appellant challenges the Civ.R. 41(B)(1) dismissal in his third and final assignment of error. His argument, which is premised on a portion of the referee's reasoning, is somewhat unclear, but he basically suggests that a Civ.R. 41 dismissal with prejudice cannot be used to bar a common-law marriage divorce action.

Appellant first refers to the following portion of the referee's report:

"Obviously Civil Rule 41 cannot be used to prevent a married person from obtaining a divorce. If a married person files for divorce, after twice having dismissed a complaint the Domestic Relations Court does not permit Rule 41 to be used as a bar to a third divorce complaint. But, in the instant matter, the Plaintiff is seeking first to establish the existence of a common law marriage and a dismissal here is thus distinguishable from a divorce case where the marriage is admitted."

Appellant then submits that if the trial court found that Civ.R. 41 can be used in this case because of the nonexistence of a common-law marriage, and the domestic relations court has jurisdiction over appellant only if he participated in a common-law marriage, the trial court's dismissal of his complaint is void *ab initio* because of lack of jurisdiction. He also suggest that since Civ.R. 41 does not expressly prohibit application in divorce actions, the referee's and trial court's conclusion that a second dismissal bars a third complaint in this action is without legal foundation.

Initially, courts of this state, including the Supreme Court of Ohio, have recognized Civ.R. 41(B)(1) dismissals in domestic relations cases. See, *e.g., Brock v. Brock* (Dec. 27, 1994), Clermont App. No. CA94–06–042, unreported, 1994 WL 714548; *Ware v. Ware* (Nov. 28, 1994), Ross App. No. 94 CA 2009, unreported, 1994 WL 675685; *Body v. Body* (Oct. 19, 1994), Knox App. No. 94 CA 4, unreported, 1994 WL 667967; see, also, Loc.R. 4(B) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division; cf. *State ex rel. Fogle, supra; State ex rel. Easterday v. Zieba* (1991), 58 Ohio St.3d 251, 569 N.E.2d 1028; and *In re Whaley* (1993), 86 Ohio App.3d 304, 620 N.E.2d 954 (R.C. 3105.21[B] vests a domestic relations court with jurisdiction to determine custody issues even though a divorce action is dismissed due to a failure to prosecute). This court will thus review whether the referee's recommendations and the trial court's adoption thereof are supported by Civ.R. 41. A review of appellant's argument, the referee's report, and the trial court's final judgment necessitates an analysis of Civ.R. 41. The argument, report and judgment reveal the misconstruction of Civ.R. 41(A) and (B).

 Civ.R. 41(A)(1) and (B)(1) provide:

"RULE 41. Dismissal of actions

"(A) Voluntary dismissal: effect thereof.

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) *by filing* a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *. Unless otherwise stated in the

notice of dismissal * * *, the dismissal is without prejudice, except that a *notice of dismissal* operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.

" * * *

"(B) Involuntary dismissal: effect thereof.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

" * * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." (Emphasis added.)

Civ.R. 41(A) and 41(B) are two separate rules of dismissal, and are not meant to be construed together. Civ.R. 41(A) pertains to voluntary dismissals, whereas Civ.R. 41(B) applies to involuntary dismissals.

Civ.R. 41(A) embraces two mechanisms for voluntary dismissal: by the filing of a notice of dismissal under Civ.R. 41(A)(1) and by order of court under Civ.R. 41(A)(2). If a plaintiff chooses to voluntarily dismiss an action by *filing a notice*, the notice must be filed before the commencement of trial unless a counterclaim would remain pending for independent adjudication. If the plaintiff previously *filed a notice* as to an action based on or including the same claim, a second *filed notice* of dismissal acts as an adjudication upon the merits and bars a refiling of the claim for a third time. See *Logsdon*, 72 Ohio St.3d at 126, 647 N.E.2d at 1363–1364.

Civ.R. 41(A)(2), on the other hand, does not allow plaintiff to dismiss an action without any court intervention. The rule provides that dismissal is proper only by order of the court and upon such terms and conditions as the court deems appropriate. If a party who filed a notice of dismissal under Civ.R. 41(A)(1) in a previous action files a second action based on or including the same claim and then wishes to dismiss the second action, he or she is required to obtain a dismissal under Civ.R. 41(A)(2) in order to preserve the right to refile. *Logsdon*, 72 Ohio St.3d at 126, 647 N.E.2d at 1363 fn. 1; *Lilly v. Lilly* (1985), 26 Ohio App.3d 192, 193, 26 OBR 412, 413–414, 499 N.E.2d 21, 23. In other words, the

two-dismissal rule embodied in Civ.R. 41(A)(1) bars a third action based on or including the same claim as the two previously dismissed actions only *if the plaintiff filed Civ.R. 41(A)(1) notices of dismissal in both of the previous actions.* See *Riley v. Med. College of Ohio Hosp.* (1992), 83 Ohio App.3d 139, 614 N.E.2d 788; *Randustrial Benefit Plan v. Rollins Burdick Hunter Agency of Ohio, Inc.* (1984), 16 Ohio App.3d 144, 16 OBR 151, 474 N.E.2d 1226; *Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 9 OBR 140, 458 N.E.2d 421; Staff Note to Civ.R. 41(A).

The inquiry in applying the two-dismissal rule, therefore, is not whether two dismissals were voluntary. Rather, the focus in on whether there were two notices of dismissal under Civ.R. 41(A)(1). See *Bowen v. Tony Perry Chevrolet* (Aug. 16, 1995), Medina App. No. 2415–M, unreported, 1995 WL 499979.

■ In the present case, appellant did not file a notice of dismissal before the commencement of trial under Civ.R. 41(A)(1). When appellant's counsel orally mentioned dismissing the action on the date of the hearing, the referee should have construed the request under Civ.R. 41(A)(2), because oral motions to dismiss do not fall within Civ.R. 41(A)(1). *Lilly,* 26 Ohio App.3d at 193, 26 OBR at 413–414, 499 N.E.2d at 23; *Douthitt v. Garrison* (1981), 3 Ohio App.3d 254, 256, 3 OBR 286, 288–289, 444 N.E.2d 1068, 1070–1071; see *Abrams v. Elsoffer* (1988), 46 Ohio App.3d 11, 545 N.E.2d 100.

The referee recognized that Civ.R. 41(A)(1) was not applicable, but then went on to speak about "two dismissals" and an adjudication of the merits under Civ.R. 41(B).[3] The trial court adopted this misconstruction.[4] The two-dismissal rule does not apply to either Civ.R. 41(A)(2) or (B). See *Riley, Randustrial Benefit Plan* and *Graham, supra.* Hence, the referee could have considered a dismissal without prejudice under Civ.R. 41(A)(2), structuring the dismissal to prevent prejudice to appellee. See *Abrams, Lilly,* and *Douthitt, supra.*

■ Rather than consider a Civ.R. 41(A)(2) dismissal, the referee recommended that appellant's complaint for divorce be dismissed with prejudice

---

**3.** The referee stated in her report:

"The Referee concludes that where one party alleges a common law marriage, and having once voluntarily dismissed his claim, a second dismissal by the Court for failure to prosecute operates as an adjudication on the merits barring further actions on the same claim."

**4.** The trial court's judgment entry reads in this respect:

"The Court further finds that where one party alleges a common law marriage, and having once dismissed a cause of action alleging a similar claim, a second dismissal by the Court for failure to prosecute operates as an adjudication on the merits barring further actions on the existence of a common law marriage."

pursuant to Civ.R. 41(B)(1) for lack of prosecution. This recommendation and the trial court's adoption thereof are likewise reviewable under an abuse-of-discretion standard. See *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Onio St.3d 576, 635 N.E.2d 14; *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199.

The Supreme Court of Ohio, recognizing the long-standing principle that a dismissal for want of prosecution is an "extremely harsh remedy," stated that "it should be granted only when an attorney's conduct falls substantially below what is reasonable and displays contempt for the judicial system or the rights of the opposing party." *Indus. Risk Insurers,* 69 Ohio St.3d at 581, 635 N.E.2d at 18–19, citing *Moore v. Emmanuel Family Training Ctr., Inc.* (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 101–102, 479 N.E.2d 879, 885. See, also, *Cook v. Transamerica Ins. Serv.* (1990), 70 Ohio App.3d 327, 590 N.E.2d 1382; *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 12 OBR 57, 465 N.E.2d 924;. *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 6 O.O.3d 237, 369 N.E.2d 800. A plaintiff's conduct in an action previously dismissed under Civ.R. 41(A)(1)(a) may be considered, however, when determining whether dismissal for lack of prosecution under Civ.R. 41(B)(1) is appropriate. *Indus. Risk Insurers,* 69 Ohio St.3d at 581, 635 N.E.2d at 18–19.

In the instant case, the record shows that appellant filed a counterclaim in response to appellee's request for a civil protection order under R.C. 3113.31. The counterclaim supposedly asserted the existence of a common-law marriage. Considering that appellee had to demonstrate that appellant was a family or household member to be entitled to relief under that statute, it is unclear from the record why appellant posed his counterclaim. Regardless of appellant's motive, he had an absolute right under Civ.R. 41(A)(1)(a) to dismiss that counterclaim.

The referee in the present case found that appellant's prior dismissal in D–270875 warranted a dismissal with prejudice of his complaint for divorce for the following reasons. First, appellee objected to a dismissal without prejudice because she indicated that she was ready to proceed with trial and wanted to put an end to the divorce litigation, which had been pending for approximately one year. Second, the common-law marriage issue in D–207875 had been set for trial on at least three occasions prior to appellant's dismissal of his counterclaim. Third, appellant had been given multiple extensions to complete discovery in the present case, but was unprepared for trial seven months after the cutoff date. Finally, appellee was subject to appellant's common-law marriage claim for about four years, from 1991 to the date of dismissal of his complaint for divorce.

The record also reveals, however, that appellant's first counsel sought two continuances based upon appellee's failure to attend scheduled depositions. Moreover, appellee requested one of the three continuances. Finally, the trial court never officially granted appellant's first counsel's motion to withdraw until after the date of hearing.[5] Even though appellant's new counsel was remiss in filing a motion for continuance in D–207875, and not in the present case,[6] this court fails to find appellant's conduct or that of his present counsel so negligent, irresponsible or dilatory as to warrant the extreme sanction of dismissal with prejudice. *Indus. Risk Insurers, Moore* and *Cook, supra.* The circumstances set forth in this paragraph, combined with the purpose behind R.C. 3113.31,[7] a purpose distinct from that of R.C. 3105.17, should have alerted the trial court to the harshness and unsuitability of a dismissal with prejudice of appellant's divorce action.

Appellant's third assignment of error is accordingly sustained.

The judgment is reversed; this court orders the reinstatement of appellant's complaint for divorce.

*Judgment reversed.*

MATIA, J., concurs.

PORTER, J., concurs in judgment only.

---

5. See footnote 3; see, also, State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288; and *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 23 OBR 336, 492 N.E.2d 146 (a trial court only speaks through its journal entries).

6. See footnote 2.

7. See *Deacon v. Landers* (1990), 68 Ohio App.3d 26, 587 N.E.2d 395, and *Thomas v. Thomas* (1988), 44 Ohio App.3d 6, 540 N.E.2d 745 (a comparison of R.C. 3113.31 and Civ.R. 75 shows that while relief under both provisions is somewhat similar, it is directed to a different purpose).