Lee Woodard, pro se, appeals from a decision of the Cleveland Municipal Court entered in favor of Oliver Spellman, Director of Parks, Recreation and Properties for the City of Cleveland; in connection with his claims for breach of contract and fraudulent concealment in the disinterment of his mother's grave at Highland Cemetery. Woodard complains on appeal that the court erred by failing to consider evidence that Spellman perjured himself; by failing to use the literal meaning of the word "inspection"; by finding that governmental immunity protected Spellman; and by finding that no breach of contract occurred.
After carefully examining the record presented to us and the applicable law, we recognize that we are unable to review these assignments of error because Woodard did not submit a transcript or statement of the proceedings as required by our rules from which we can determine whether or not an error has occurred. Therefore, we affirm the decision of the court.
The limited record before us reveals that after watching a television report, Woodard believed that the City of Cleveland had buried his mother in the wrong grave at Highland Cemetery. He contacted Spellman, expressed his concern, and requested an opportunity to inspect his mother's grave site. Spellman advised Woodard that such an inspection would cost $675. Woodard then paid the fee and claims the parties agreed that the family would be present for the inspection which the city agreed to conduct on August 7, 1997.
The briefs submitted to our court further reveal that on August 6, 1997, one day prior to the agreed upon inspection, Spellman instructed cemetery employees to uncover enough dirt from the grave site to confirm the decedent's initials on the burial vault. On that date, Woodard, who had come to visit his mother's grave, noticed it had been partially excavated. The briefs also indicted that on the date of the scheduled inspection, August 7, 1997, Woodard, his family, Fox 8 I-Team reporter, Carl Monday, and a cameraman all arrived to witness the grave site opening. The city employees removed the remainder of the dirt revealing the entire vault, and this inspection revealed that the city had properly buried his mother in the correct plot.
On August 15, 1997, however, Woodard filed a complaint in the Cleveland Municipal Court alleging a breach of contract in that the grave inspection had actually occurred on August 6, 1997, not August 7, 1997, and he requested return of the $675 fee he had paid. The court referred the matter to a magistrate who conducted a trial and, thereafter, recommended that Spellman's motion to dismiss be granted with prejudice. On February 11, 1998, the court approved and confirmed the magistrate's report and journalized its entry granting Spellman's motion to dismiss with prejudice on February 20, 1998. On the same day, Woodard filed objections to the magistrate's report. Thereafter on March 6, 1998, Spellman filed a brief in opposition to the objections. On March 19, 1998, the court overruled Woodard's objections and reaffirmed the February 20, 1998 journal entry. From that judgment, Woodard appealed and assigned the following four errors for our review:
 I. THE TRIAL COURT ERRED IN THAT IT FAILED TO CONSIDER WRITTEN PROOF, SUBMITTED SUBSEQUENT TO THE TRIAL, THAT THE DEFENDANT'S FALSIFICATION OF HIS SWORN TESTIMONY BEFORE THE MAGISTRATE, UNDER OATH, AFFECTED BOTH THE COURSE AND OUTCOME OF THE PROCEEDINGS, TO THE BENEFIT OF THE DEFENDANT, AND THE DETRIMENT OF THE PLAINTIFF, AND DID FURTHERMORE RESULT IN THE IMPROPER GRANTING OF GOVERNMENTAL IMMUNITIES, AGAIN, TO THE BENEFIT OF THE DEFENDANT AND THE DETRIMENT OF THE PLAINTIFF.
 II. THE TRIAL COURT FAILED TO CONSIDER THE STRICT LEGAL DEFINITION OF THE WORD "INSPECTION" AS DEFINED BY BLACK'S LAW DICTIONARY, AND TO WEIGH THAT DEFINITION IN IT'S [sic] USE OF THE TERMS "PRE-INSPECTION" AND "PRELIMINARY" INSPECTION TO IMPLY THAT THIS, SOMEHOW, CHANGES THE CONTEXT AND MEANING, IN ESSANCE [sic], OF THE WORD "INSPECTION" [sic].
 III. WRITTEN PROOF ESTABLISHES THE FACT THAT THE DEFENDANT IS NOT LEGALLY ENTITLED TO THE IMMUNITIES FROM LIABILITIES IMPROPERLY GRANTED HIM UNDER O.R.C. 2477 [sic] BY THE TRIAL COURT
 IV. WRITTEN PROOF ESTABLISHES THAT THE ESSANCE [sic] OF THE ORAL CONTRACT WAS BASED ON NONE OTHER THAN THE PLAINTIFF AND THE CITY INSPECTING THE GRAVE TOGETHER AND AT THE SAME TIME; THE DEFENDANT, BY REFUSING TO NOTIFY THE PLAINTIFF IN A TIMELY MANNER IN ORDER FOR PLAINTIFF TO BE PRESENT TO THE DETRIMENT OF THE PLAINTIFFS.
At the oral argument conducted in this case, Woodard delivered three copies of a document marked "Exhibit D", a memorandum of law purportedly prepared by a law clerk for the magistrate in the Cleveland Municipal Court on March 11, 1998. However, we cannot consider this as evidence because on June 29, 1998, this court denied Woodard's motion to submit evidence to our court. At that time, he had proffered not only copies of this same memorandum, but also of additional pleadings and exhibits which we rejected because we cannot verify the authenticity of some and others such as the magistrate's decision had already been made part of the record.
The record before us, however, is insufficient for us to consider the correctness of the positions enunciated in the foregoing assignments of error. In Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, the court stated:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * This principle is recognized in App.R. 9 (B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
See, also, Ham v. Park (1996), 110 Ohio App.3d 803.
In his brief, Woodard correctly sets forth the elements of a contract and asserts that the terms of an oral contract can be enforced. However, according to the rules of appellate procedure, in order for us to review his assignments of error, he must provide us court with a transcript of the proceedings or a App.R. 9 (C) statement. In this case, Woodard failed to provide us with either, and therefore, we are unable to grant the relief he seeks. In accordance with Knapp, the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and JOHN T. PATTON, J., CONCUR
 ___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2(A)(1).