This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, The Goodyear Tire Rubber Co. ("Goodyear"), appeals the judgment of the Summit County Court of Common Pleas. We affirm.
 I.
On December 27, 1995, Heidi Haller was injured when a vehicle driven by Ben Morris collided with the vehicle in which she was a passenger and her husband, David Haller, was the driver. At the time of the accident, Mr. Morris was an employee of Goodyear, who was acting within the course and scope of his employment. Goodyear owned the vehicle which Mr. Morris was driving.
On August 28, 1997, Mr. and Ms. Haller ("the Hallers") filed a complaint in the Medina County Court of Common Pleas, case number 97 CIV 0924 ("Haller I"), naming Mr. Morris as a defendant. The complaint was later amended to include Goodyear as a defendant. In the complaint, Mr. Haller filed a claim for bodily injury, alleging that, as a proximate result of the defendants' negligence, he sustained serious physical and emotional injuries. Ms. Haller asserted a loss of consortium claim against the defendants. On December 9, 1997, the Hallers voluntarily dismissed their case without prejudice, pursuant to Civ.R. 41(A)(1)(a).
On December 16, 1997, the Hallers filed a complaint, case number CV 97 12 6232 ("Haller II"), naming Mr. Morris and Goodyear as defendants. In this complaint, Ms. Haller asserted a claim for personal injury resulting from the defendants' alleged negligence. Mr. Haller filed a loss of consortium claim. On June 3, 1998, the Hallers voluntarily dismissed the action, pursuant to Civ.R. 41(A)(1)(a). On November 12, 1998, the Hallers filed a "Motion to Correct the Record," in which they requested that the trial court enter a nunc pro tunc order making the June 3, 1998 dismissal pursuant to Civ.R. 41(A)(2), instead of Civ.R. 41(A)(1)(a). Goodyear opposed this request. On December 1, 1998, the trial court granted the Hallers' motion and "correct[ed]" the June 3, 1998 "order" to "reflect that the [Hallers'] action be dismissed pursuant to [Civ.R.] 41(A)(2)."
On December 23, 1998, the Hallers "refiled" their complaint from HallerII in case number CV 98 12 5027 ("Haller III"). The causes of action alleged in Haller III were identical to those asserted in Haller II. On November 20, 2000, Goodyear and Mr. Morris moved for summary judgment inHaller III, arguing that the Hallers' second dismissal pursuant to Civ.R. 41(A)(1)(a) in Haller II acted as an adjudication upon the merits and that the trial court did not have jurisdiction to enter the December 1, 1998 nunc pro tunc entry. Accordingly, the defendants asserted that the complaint filed in Haller III was barred by res judicata due to the operation of the "two-dismissal rule" of Civ.R. 41(A)(1). The Hallers did not respond in opposition. The trial court never expressly ruled on the summary judgment motion; therefore, it is presumed to be denied. SeeState ex rel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
A jury trial was held on June 11 and 12, 2001. Prior to the jury being empanelled, the Hallers dismissed all of their claims against Mr. Morris with prejudice. Additionally, Mr. Haller dismissed his loss of consortium claim against Goodyear with prejudice. Therefore, the sole remaining claim presented to the jury was Ms. Haller's claim for personal injury against Goodyear. In a verdict journalized on June 29, 2001, the jury found in favor of Ms. Haller in the amount of $10,000. This appeal followed.
 II.
Goodyear asserts two assignments of error for review. We will discuss each in turn.
 A. First Assignment of Error "THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF THE APPELLANT."
In its first assignment of error, Goodyear asserts that the trial court erred in denying its motion for summary judgment, as Ms. Haller's complaint in Haller III was barred by res judicata due to the operation of the "two-dismissal rule" of Civ.R. 41(A)(1)(a). For the reasons that follow, we disagree.
Civ.R. 41(A)(1)(a) allows a plaintiff to voluntarily dismiss all of his or her claims against a defendant, without approval of the court or any adverse party, by filing a notice of dismissal prior to trial, unless the case involves a counterclaim which cannot be independently adjudicated.Frysinger v. Leech (1987), 32 Ohio St.3d 38, 42; Civ.R. 41(A)(1)(a). Unless otherwise stated in the notice of dismissal, the first Civ.R. 41(A)(1) dismissal is without prejudice and renders the parties specifically named in the dismissal as if no suit had ever been filed.Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596; Civ.R. 41(A)(1). Unlike a first Civ.R. 41(A)(1) dismissal, a second dismissal under the rule "operates as an adjudication upon the merits[.]" Civ.R. 41(A)(1).[1]
Consequently, the third filing of the same action is barred by res judicata. Forshey v. Airborne Freight Corp. (2001), 142 Ohio App.3d 404,411.
Civ.R. 41(A)(2), on the other hand, does not allow a party to dismiss an action without any court intervention and provides for a dismissal by order of the court upon such terms and conditions that the court deems proper. "If a party who filed a notice of dismissal under Civ.R. 41(A)(1) in a previous action files a second action based on or including the same claim and then wishes to dismiss the second action, [the party] is required to obtain a dismissal under Civ.R. 41(A)(2) in order to preserve the right to refile." Ham v. Park (1996), 110 Ohio App.3d 803, 813.
In the present case, both parties concede that, unless the nunc pro tunc entry rendering the dismissal in Haller II pursuant to Civ.R. 41(A)(2) is valid, the June 3, 1998 dismissal filed in Haller II was the second dismissal for the purposes of Civ.R. 41(A)(1) and, therefore, operated as an adjudication upon the merits. Consequently, on appeal, Goodyear has set forth several arguments challenging the propriety of the nunc pro tunc entry. In response, Ms. Haller has argued that, by failing to timely appeal the nunc pro tunc order, Goodyear waived its right to challenge that decision. We agree with Ms. Haller.
Before an appellate court can exercise its appellate jurisdiction, the order being appealed must be a final order, pursuant to R.C. 2505.02, and appealable, pursuant to R.C. 2505.03. Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 219. R.C. 2505.02 defines "final orders,"Dunn v. Westlake (1991), 61 Ohio St.3d 102, 108, and provides in relevant part: "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that vacates or sets aside a judgment or grants a new trial[.]" R.C. 2505.02(B)(3). Significantly, a second dismissal pursuant to Civ.R. 41(A)(1) operates as an adjudication upon the merits and, therefore, is a final judgment, order, or proceeding, which is appealable under R.C.2505.03. See Tower City Properties v. Cuyahoga Cty. Bd. of Revision
(1990), 49 Ohio St.3d 67, 69. Consequently, by changing the June 3, 1998 dismissal from a second Civ.R. 41(A)(1) dismissal to a Civ.R. 41(A)(2) dismissal in the nunc pro tunc entry, the trial court in Haller II
effectively vacated or set aside a final judgment.[2] See R.C.2505.02(B)(3). The nunc pro tunc entry, therefore, was a final order within the meaning of R.C. 2505.02(B)(3).
Now, we turn to consider whether the nunc pro tunc entry was appealable, pursuant to R.C. 2505.03. See Harkai, 136 Ohio App.3d at 218. R.C. 2505.03(A) provides that "[e]very final order, judgment, or decree of a court * * * may be reviewed on appeal" by whichever court has jurisdiction over such appeal. Pursuant to R.C. 2505.03(C), however, an appeal from a final order or judgment is governed by the Rules of Appellate Procedure and, "to the extent not in conflict with those rules, [R.C. Chapter 2505]." See, also, Dunn, 61 Ohio St.3d at 108. "Thus, an order may be final, thereby creating a right of appeal, but, nevertheless, cannot be reviewed unless the appeal is perfected pursuant to the Appellate Rules of Procedure" and in accordance with R.C. Chapter 2505 (to the extent that the provisions contained therein do not conflict with the Rules of Appellate Procedure). Harkai,136 Ohio App.3d at 219. There is nothing in R.C. Chapter 2505, the Appellate Rules of Procedure, or case law interpreting R.C. Chapter 2505 and the Appellate Rules, which would have rendered the nunc pro tunc order in Haller II not immediately "appealable." Goodyear, of course, would have had to file a timely notice of appeal for appellate jurisdiction to attach. See App.R. 3 and 4.
Based on the foregoing, we conclude that the nunc pro tunc entry in the present case was a final appealable order pursuant to R.C. Chapter 2505, and, therefore, an appellate court would have had jurisdiction to entertain a properly perfected appeal from such order. See, generally,McGeary v. Brocker, 94 Ohio St.3d 440, 2002-Ohio-1244 (reversing the judgment of the appellate court "pursuant to R.C. 2505.02(B)(3) because the vacating of a summary judgment is a final appealable order"); Statev. Matthews (1998), 81 Ohio St.3d 375, 376-78 (holding that, pursuant to R.C. 2505.02 and 2505.03(A), a trial court's order granting the defendant a new trial in a criminal case is a final appealable order from which the state may appeal only by leave of the appellate court). Goodyear, however, elected not to appeal. By failing to appeal the nunc pro tunc order entered in Haller II, Goodyear waived any claims of error regarding that decision, and res judicata attached. See Ameigh v. Baycliffs Corp. (1998), 81 Ohio St.3d 247, 256; Davilla v. Harman, 7th Dist. No. 00 C.A. 64, 2001-Ohio-3266; Wickens, Herzer Panza v. Nash (Feb. 2, 1994), 9th Dist. No. 93CA005569. Accordingly, Goodyear's first assignment of error is overruled.
 B. Second Assignment of Error "THE TRIAL COURT ERRED IN INSTRUCTING THE JURY TO RETURN A VERDICT FOR THE PLAINTIFF."
In its second assignment of error, Goodyear avers that the trial court committed reversible error by giving improper jury instructions. We disagree.
A trial court must charge a jury with instructions that are a correct and complete statement of the law. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12. "A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced." Id., citing Parmlee v. Adolph
(1875), 28 Ohio St. 10, paragraph two of the syllabus. In reviewing jury instructions on appeal, this court has previously stated that
"an appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been mislead. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." (Citations omitted.) Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 410; see, also, Kokitka v. Ford Motor Co. (1995),73 Ohio St.3d 89, 93.
Significantly, "[t]he instructions found in Ohio Jury Instructions are not mandatory[, but rather] are recommended instructions based primarily upon case law and statutes[.]" State v. Martens (1993), 90 Ohio App.3d 338,343.
Section 25.20(2) of Ohio Jury Instructions provides:
 "The court has instructed you on all the law necessary for your deliberations. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts by a preponderance of the evidence. For example, the court does not know whether you will need to apply the instructions on the measure of damages or comparative negligence since that would depend upon the verdict you reach. If you have an impression that the court has indicated how any disputed fact should be decided, you must put aside such an impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom." (Emphasis added.)
Goodyear timely objected to the omission of the above italicized language in this portion of the jury charge. Aside from the omitted portion, the trial court's jury instructions on this matter were virtually identical to those contained in Section 25.20(2) of Ohio Jury Instructions.
Goodyear has argued that omitting the above italicized language was tantamount to instructing the jury to return a verdict for Ms. Haller, especially in light of the fact that the trial court refused to submit a defense verdict form to the jury,[3] and, therefore, the trial court impermissibly usurped the jury's role as finder of fact. We cannot agree. The trial court properly instructed the jury that certain instructions may or may not apply depending upon the conclusions reached by the jury on the facts by a preponderance of the evidence. The omitted portion simply provides a concrete example of circumstances in which a given instruction may or may not apply. The instructions contained in Ohio Jury Instructions are not mandatory. Martens,90 Ohio App.3d at 343. Accordingly, viewing the instructions as a whole, we cannot say that the trial court erred in omitting the above italicized portion of the standard instruction. Furthermore, even if such omission constituted error, we find that such error did not prejudicially affect the substantial rights of Goodyear. Goodyear's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.
[1] Civ.R. 41(A)(1) was amended on July 1, 2001; however, the version of Civ.R. 41(A), effective July 1, 1972, is applicable to this case.
[2] Following proper procedure, a plaintiff, who mistakenly files a second voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), may file a Civ.R. 60(B) motion for relief from judgment with the trial court.Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 127.
[3] Goodyear does not independently assign as error the trial court's refusal to submit a defense verdict form but, rather, uses such refusal to bolster its assertion that the omission in the jury instructions effectively instructed the jury to render a verdict for Ms. Haller.