OPINION
{¶ 1} Defendant, Cecelia Owensby, appeals from a judgment in favor of Plaintiff, Robert Montgomery, in the amount of $610.00.
 {¶ 2} Owensby's vehicle was damaged in an automobile accident. She received an estimate for repairs from an auto dealer of over $8,500.00. Owensby chose Montgomery to do the *Page 2 
repairs instead, for under $3,000.00. Owensby was aware that Montgomery would install used parts on her vehicle in order to keep the cost low. Montgomery completed the repairs and gave Owensby a one year warranty, which ended in May 2005. Owensby paid all but $610.00 of the final bill.
 {¶ 3} On October 24, 2005, Montgomery commenced an action in small claims court against Owensby, seeking the outstanding amount he is owed. Owensby filed a counterclaim on December 21, 2005, seeking a refund of the money she previously paid to Montgomery. According to Owensby, Montgomery used defective parts when repairing her vehicle and performed the work improperly.
 {¶ 4} A trial was held before a magistrate. On February 6, 2006, the magistrate entered a decision in favor of Montgomery on his claim and awarded him $610.00, plus 6% interest from the date of the trial. On February 16, 2006, the magistrate entered a decision finding that Owensby failed to prove her counterclaim by a preponderance of the evidence and ordered her counterclaim dismissed. The trial court adopted the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(ii) on the same date.
 {¶ 5} Owensby requested findings of fact. On February 27, 2006, the magistrate issued findings of fact. Owensby did not *Page 3 
file objections to the magistrate's decision which the court had adopted. On March 13, 2006, Owensby filed a notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 6} Owensby argues that the magistrate rejected her claims for relief for lack of expert testimony necessary to prove Owensby's allegations. Owensby argues that she is now ready to present to this court expert testimony relating to the repairs made by Montgomery in order to show that Montgomery put defective used parts on her vehicle, which made the vehicle a hazard and dangerous. Owensby's assignment of error will be overruled for three reasons.
 {¶ 7} First, an appellant bears the burden of showing prejudicial error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.
 {¶ 8} Second, Owensby failed to file written objections to the magistrate's decision or findings of fact. "A party shall not assign as error on appeal the court's adoption of any *Page 4 
finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ. R. 53(E)(3)(d).
 {¶ 9} Third, Owensby's contentions go to the evidence that was before the trial court, but she failed to file a transcript of the proceedings before the magistrate at which the evidence was taken. Lacking a transcript, we are required to assume that the findings which the trial court made based on that evidence are correct. Ham v. Park (1996), 110 Ohio App.3d 803.
 {¶ 10} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, J. and DONOVAN, J., concur. *Page 1