CATALANO, Appellant,

v.

PISANI, Appellee.

[Cite as *Catalano v. Pisani* (1999), 134 Ohio App.3d 549.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 98–G–2148.

Decided July 23, 1999.

*Carol Catalano*, pro se.

*Koblentz & Koblentz, Richard S. Koblentz* and *Craig J. Morice,* for appellee.

FORD, Presiding Judge.

This is an appeal from the Geauga County Court of Common Pleas. Appellant Carol Catalano appeals the trial court's judgment entry granting the motion for summary judgment of appellee, Glenn T. Pisani.

The facts show that appellant and appellee were granted a divorce in 1994 and appellee was awarded custody of their two children, Carly Pisani and Kyle Pisani. On December 12, 1997, appellant filed a complaint against appellee for loss of consortium with her children and intentional infliction of emotional distress. Appellant sought $5,000,000 in damages and requested a jury trial on the matter.

On February 13, 1998, appellee filed a Civ.R. 12(B)(6) motion to dismiss appellant's complaint. In that motion, appellee also argued that appellant's complaint was merely an attempt to relitigate their divorce. On that same date, appellee filed a counterclaim against appellant requesting that the trial court deem appellant a vexatious litigator, pursuant to R.C. 2323.52(D)(1)(a)-(c), and bar her from pursuing any legal action against him without first obtaining leave of court. On February 17, 1998, appellant filed a brief in opposition to appellee's motion to dismiss, which included a motion to compel appellee to answer the complaint. In a judgment entry dated February 26, 1998, the trial court overruled appellant's motion to compel appellee to answer the complaint and appellee's Civ.R. 12(B)(6) motion on the basis that it introduced evidence outside the pleadings.

On March 30, 1998, appellee filed a motion for summary judgment on his counterclaim. In that motion, appellee argued that the trial court should consider appellant a vexatious litigator, pursuant to R.C. 2323.52, due to the fact that she had allegedly made hundreds of filings after their decree of divorce, including three hundred twenty–six *pro se* filings in their divorce, one hundred fifty–seven affirmative motions, one hundred nineteen subpoenas, and fifty other filings since March 23, 1995. Appellee also sought summary judgment on appellant's complaint.

In a judgment entry dated April 13, 1998, the trial court granted summary judgment on appellant's complaint, in favor of appellee. Furthermore, on April 22, 1998, the trial court entered judgment in favor of appellee on his counterclaim, finding that appellant is a vexatious litigator under R.C. 2323.52. The court stated that pursuant to R.C. 2323.52(D)(1)(a), appellant is barred from instituting any legal action against appellee in any Ohio court of common pleas and its divisions without first obtaining leave of that court, except within the domestic relations arena concerning Cuyahoga County case No. DR219910. Additionally, under R.C. 2323.52(D)(1)(b), the court held that appellant was barred from continuing any proceedings currently pending against appellee, except those cases arising from the previously designated action in Cuyahoga County. The trial court also barred appellant from making any application against appellee, other than one for leave to proceed, in any legal proceeding, pursuant to R.C. 2323.52(D)(1)(c).

Appellant timely filed an appeal, asserting the following assignments of error:

"[1.] The trial court made a prejudicial error in granting [appellee] Glenn Pisani summary judgement when the case involved a matter of fact and not law and preventing appellant her right to a trial.

"[2.] The trial court made a prejudicial error in granting [appellee] Glenn Pisani summary judgement when the case clearly stated a claim of intentional infliction of emotional distress which is clearly actionable in the State of Ohio.

"[3.] The trial court made a prjudicial [*sic* ] error when it granted summary judgement without looking at the claim of a parent alienating children from another parent which could be a new cause of action in the State of Ohio since the high rate of divorce and parents brainwashing children.

"[4.] The trial court made a prejudicial error when granting [appellee] summary judgement on the counterclaim and stating that [appellant] is a vexatious litigator when it comes to [appellee] when the expert reports where [*sic* ] submitted to the court, in which they state that [appellee] has brainwashed the children from their mother.

"[5.] The trial court made a prejudicial error when granting summary judgement on [appellee's] counterclim [*sic* ] without hearing the facts from the experts

and also not having [appellant] have the right to a jury trial in which the facts could be presented to a jury, according to the Constitution of the United States.

"[6.] The trial court made a prejudicial error when it labeled [appellant] as a vexatious litigator violating her constitutional right to Due Process for actions perpetrated on her by her former husband.

"[7.] The trial court made a prejudicial error when it gave a man who abused his wife and continues to, the O.K. [*sic*] to continue to inflict abuse without hearing the testimony of Dr. Alcorn, the Cuyahoga County court doctor, who diagnosed [appellant] as a battered women [*sic*] at the hands of [appellee].

"[8.] The trial court made a prejudicial error when it granted [appellee] summary judgement when four judges in Cuyahoga County ruled that [appellant] was not a vexatious litigator and able to file a civil suit against her husband and that one common pleas judge and three court of appeals judges, from Cuyahoga County, all have very reasonable minds and know the Pisani case thoroughly and this judge who only knows Richard Koblentz, who brainwashed him on paper, came to another conclusion.

"[9.] The trial court made a prejudicial error which violates [appellant's] constituional [*sic*] rights.

"[10.] The trial court made a prejudicial error when it made a ruling that plaintiff was a vexatious litigator based on information that was presented to the court by [appellee] without the court without [*sic*] taking into consideration that the trial judge in the Pisanis' divorce case in Cuyahoga County is under investigation by the Ohio State Bar Association for possible violations of his code of ethics."

■ An appellate court is required to address only those issues that are both assigned as error and briefed. *Chem. Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 207, 556 N.E.2d 490, 494; *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 202, 24 OBR 426, 429–430, 494 N.E.2d 1101, 1104–1105. In addition, App.R. 12(A)(2) permits a court of appeals to disregard any issue that is assigned, but not separately argued. See, also, *Mitulski v. USS/Kobe Steel Co.* (May 26, 1999), Lorain App. Nos. 98CA007085 and 98CA007105, unreported, 1999 WL 334789; *Cuyahoga Falls v. Vogel* (Sept. 16, 1998), Summit App. No. 18826, unreported, 1998 WL 646766. In the instant matter, appellant has failed to separately argue each assignment of error. Therefore, we are permitted to disregard all of them. However, in the interests of justice, we will address the two issues argued by appellant in her brief.

The first issue concerns appellant's claims for loss of consortium and intentional infliction of emotional distress, while the second issue pertains to appellant

being labeled a vexatious litigator. The record evidences that appellee was granted summary judgment in his favor on both issues.

A motion for summary judgment is governed by Civ.R. 56. Summary judgment shall be rendered when "there is no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Civ.R. 56(C). Summary judgment must not be rendered unless "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." *Id.*

█ In regard to the first issue in her complaint, appellant sought $5,000,000 in damages and requested a jury trial for loss of consortium and intentional infliction of emotional distress. Both causes of action arise from appellant's contention that appellee has taken active measures to deny her visitation with her two children, Carly and Kyle. However, the record demonstrates that appellee was awarded custody of the two children by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in 1994, and that appellant was denied visitation with Carly and Kyle.

█ At the outset, it is important to note that the trial court had jurisdiction over the claims due to the fact that they are grounded in tort. In the case of *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 33–35, 11 OBR 63, 65–67, 463 N.E.2d 98, 102–104, the appellate court indicated that an action in tort for intentional infliction of emotional distress could be maintained in the court of common pleas, general division, even though the claim arose from the custodial parent's refusal to comply with the visitation order. Additionally, in *Pyle,* due to the custodial parent's actions, the complainant parent instituted an action in the domestic relations court to change custody and modify support. Importantly, each court had jurisdiction over the respective matters. *Id.* at 33–34, 11 OBR at 65–67, 463 N.E.2d at 102–103.

In this matter, the Geauga County Court of Common Pleas possessed jurisdiction over appellant's tort claims because appellant was living in Geauga County at the time when the alleged torts were committed and because appellant contends that she suffered emotional distress after suffering extreme scorn, embarrassment, and harassment by members of her Geauga County community. The trial court did not possess the authority to render a decision affecting the visitation order by the Cuyahoga County Court of Common Pleas, but could rule on those claims as they relate to actions by appellee beyond the scope of prior court orders.

Although this tort action could be maintained in the trial court, appellant has failed to allege a valid cause of action against appellee because the denial of

visitation was court-ordered. Indeed, the record supports the conclusion that any emotional distress or loss of consortium incurred by appellant resulted solely from appellee following the orders of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Therefore, the trial court did not err in granting summary judgment in favor of appellee on the first issue raised by appellant, because appellant did not demonstrate any genuine issue of material fact on this question.

The second issue that we must address concerns the trial court's determination that appellant is a vexatious litigator. Appellant contends that the trial court erred by granting summary judgment on appellee's counterclaim, which then resulted in appellant being labeled a vexatious litigator. Appellant further claims that the label constitutes a prior restraint on her constitutional right to seek redress. Finally, appellant argues that she should not be labeled a vexatious litigator because the Eighth District Court of Appeals refused to label her as such in the case of *Pisani v. Pisani* (Jan. 16, 1997), Cuyahoga App. No. 70846, unreported, 1997 WL 15253.

In his counterclaim, appellee requested that the trial court declare appellant a "vexatious litigator" pursuant to R.C. 2323.52. "Vexatious conduct" is defined in R.C. 2323.52(A)(2) as occurring when any of the following elements are met:

"(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

"(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(c) The conduct is imposed solely for delay."

A "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions." R.C. 2323.52(A)(3). Furthermore, "[a] person * * * who has defended against habitual and persistent vexatious conduct * * * may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator." R.C. 2323.52(B). Once a person is found to be a vexatious litigator, the court of common pleas making such a finding may preclude that person from doing the following without first obtaining leave of that court to proceed:

"(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

"(b) Continuing any legal proceedings that the vexatious litigator had instituted in the court of claims or in a court of common pleas, municipal court, or county court prior to the entry of the order;

"(c) Making any application, other than an application for leave to proceed under division (F) of this section, in any legal proceedings instituted by the vexatious litigator or another person in the court of claims or in a court of common pleas, municipal court, or county court." R.C. 2323.52(D)(1).

In reviewing the record, this court is puzzled with regard to the trial court's basis for declaring appellant a vexatious litigator. The record demonstrates that appellee supported his counterclaim that appellant was a vexatious litigator, and motion for summary judgment relating to it, with a plethora of unsubstantiated claims about her conduct in their previous divorce proceedings. Appellee also has sought to support his counterclaim by including numerous docket sheets in the record. Those docket sheets pertain to actions either initiated by or against appellant. Yet appellee has failed to specifically refer to portions of the docket sheets indicating that appellant has engaged in conduct that could be considered "vexatious conduct" under R.C. 2323.52(A)(2).

Conversely, appellant included in the record a copy of a case in which the Eighth District Court of Appeals denied appellee's request for a permanent injunction against her. *Pisani, supra.* In that case, appellee had requested that the court permanently enjoin appellant from filing any document in the state of Ohio, *pro se,* in connection with any action in which he was a named party. The trial court denied appellee's request for an injunction, which was affirmed on appeal.

While we recognize that *Pisani* was decided prior to the enactment of R.C. 2323.52, the court's decision to deny appellee's request for an injunction demonstrates that the conduct on the part of appellant was not unduly harassing, burdensome, or unfounded. Therefore, based on the decision in *Pisani,* coupled with the lack of evidentiary material presented to the trial court by appellee in compliance with Civ.R. 56, we conclude that the trial court erred in granting summary judgment on appellee's counterclaim. Accordingly, appellant's second issue is well taken.

For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

CHRISTLEY and NADER, JJ., concur.