OPINION.
{¶ 1} This appeal is taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, William Godale, d.b.a. Texaco Gas Station, challenges the trial court's decision denying his motion for relief from judgment and finding him in contempt.
 {¶ 2} On December 6, 2000, appellee, Chester Township Board of Trustees, filed a motion asking the trial court to order appellant to show cause why he should not be held in contempt for violating a permanent injunction issued on July 2, 1982.[1] According to appellee, the trial court in 1982 ordered appellant to refrain from "storing, keeping or allowing to remain upon [the property] * * * any and all trucks, trailers, semi-trailers, vehicles for sale or storage, or any other vehicles for repair or maintenance, except such small motor vehicles as are in daily use by employees." At that time, the trial court also permanently enjoined appellant from "the storing of junk, litter, unsightly debris, or any vehicles, supplies or equipment which is unsightly or will contribute to or cause the obscuring of visibility for drivers of motor vehicles * * * and * * * from performing any spray painting of motor vehicles on the premises[.]" Furthermore, the 1982 order prohibited appellant "from conducting any business for which a lawful permit had not been obtained, and from operating and maintaining the premises in such a manner as to cause a nuisance in violation of the zoning resolution of Chester Township and/or the Revised Code of Ohio[.]"
 {¶ 3} After submitting a brief in opposition, appellant filed a motion to modify the injunction, which the trial court denied. Appellant, however, subsequently filed another motion seeking relief from the injunction, or in the alternative, a motion for reconsideration. He argued that it was no longer equitable for the trial court's 1982 order to have prospective application. Appellant also claimed that the circumstances surrounding the granting of the permanent injunction had changed as Master Realty subsequently had obtained a permit to conduct towing services on the property and a license to lease and sell automobiles.[2]
 {¶ 4} The trial court conducted a hearing on February 25, 2002. During the proceedings, both sides presented evidence in support of their respective positions. On March 21, 2002, the trial court issued a written judgment entry denying appellant's motion for relief from judgment and/or motion for reconsideration, and finding him guilty of civil contempt. As punishment, the trial court sentenced appellant to serve sixty days in the Geauga County Jail and to pay a $500 fine. The court, however, provided that appellant may purge himself of the contempt by doing the following: (1) removing all of the motor vehicles, except those vehicles used daily by appellant or his employees, from the property on or before April 27, 2002; (2) removing all "junk" from the property on or before April 27, 2002; and (3) permitting regular inspections of the property not to exceed one inspection per month for five years from the date of the judgment entry.
 {¶ 5} From this decision, appellant filed a notice of appeal with this court. He now argues under his first assignment of error that the trial court erred in denying his April 23, 2001 motion for modification.[3]
 {¶ 6} A review of appellant's brief reveals that he has failed to set forth any argument in support of this alleged error. In fact, appellant's entire discussion of his first assignment of error consists of the following:
 {¶ 7} "The trial court erred by dismissing [appellant's] motion for modification. Docket Sheet #92 5/03/01 Entry. Judge Burt resigned from the case after dismissing the motion. He resigned because he was the prosecutor in several lawsuits prior with [appellant]."
 {¶ 8} Pursuant to App.R. 16(A)(7), an appellant is required to include in his appellate brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of those contentions with citations to the authorities, statutes, and parts of the record upon which he relies. See, also, Loc.R. 12(C)(4). This court "may disregard an assignment of error presented for review" if the party raising it fails to comply with the above requirements. App.R. 12(A)(2). In other words, "[a]n appellate court is required to address only those issues that are both assigned as error and [properly] briefed." Catalano v. Pisani (1999),134 Ohio App.3d 549, 552.
 {¶ 9} Although unclear, appellant appears to argue that because the first judge who denied his motion for modification had been the prosecutor in prior cases involving him, the judge's decision was somehow flawed. Appellant, however, has not properly supported his argument that the first judge erred in denying his motion for modification. Moreover, it was another judge who then decided the remaining issues in the case. Therefore, the dismissal by the first judge of appellant's motion to modify the injunction is immaterial. This court is not required to search the record for evidence to support appellant's claims. Pearn v.DaimlerChrysler Corp., 148 Ohio App.3d 228, 2002-Ohio-3197, ¶ 35. As a result, we will disregard his first assignment of error in accordance with App.R. 12(A)(2).[4]
 {¶ 10} Appellant's final twelve assignments of error all involve the trial court's decision to find him in contempt. Unfortunately, we currently lack jurisdiction to consider any issues relating to the finding of contempt as that portion of the trial court's judgment is not yet ripe for review because it does not constitute a final appealable order.
 {¶ 11} Ohio courts have repeatedly held that contempt of court consists of two elements: (1) a finding of contempt; and (2) the imposition of a penalty or sanction. In re Smeed (May 24, 2000), 11th Dist. No. 96-L-059, at 1. Until both elements of contempt have been satisfied, there is no final order from which an appeal can be taken.Lalli v. Lalli (Mar. 16, 2001), 11th Dist. No. 98-A-0096, 2001 WL 276984, at 3; Smeed at 1; Concord Twp. Trustees v. Hazelwood Builders,Inc. (Dec. 4, 1998), 11th Dist. No. 98-L-176, 1998 WL 964507, at 1.
 {¶ 12} In other words, a contempt citation is not a final appealable order if it only imposes a conditional punishment coupled with an opportunity to purge the contempt. Hazelwood Builders at 1. See, also, Trail v. Trail (Dec. 9, 1994), 11th Dist. No. 94-L-094, 1994 WL 1662554, at 1 (holding that "[a] conditional order of sentence is not equivalent to the imposition of a sentence: only the latter constitutes a final appealable order when conjoined with a finding of contempt"). "This holds true even where the citation establishes an absolute deadline for the contemnor to correct the violation upon which the contempt finding was predicated." Hazelwood Builders at 1.
 {¶ 13} Here, the trial court found appellant guilty of contempt and sentenced him to serve sixty days in the Geauga County Jail and to pay a $500 fine. As part of its sentence, however, the court also gave appellant the opportunity to purge himself of the contempt. Accordingly, because the trial court made the imposition of the jail time and the fine conditional upon appellant's failure to purge himself of contempt, that portion of the court's judgment is not a final appealable order. Once appellant no longer has the opportunity to purge the contempt, and the trial court has issued an order requiring appellant to serve his sentence, he can bring a separate appeal from that judgment.
 {¶ 14} Based on the foregoing analysis, appellant's first assignment of error has no merit while the remaining twelve assigned errors are premature. The judgment of the trial court is affirmed.
Judgment affirmed.
CYNTHIA WESTCOTT RICE, J., concurs.
DIANE V. GRENDELL, J., concurs in part, dissents in part, with a concurring/dissenting opinion.
[1] Appellant is the sole employee and officer of Master Realty, a company owning property located at 8216 Mayfield Road, Chesterland, Ohio.
[2] During the time between when appellant's motion to modify the injunction was denied and a decision was rendered with respect to his request for relief from judgment, or in the alternative reconsideration, a new judge was assigned to the case.
[3] In this motion, appellant asked the trial court to modify the 1982 injunction because the "legal relationship of the parties [had changed] and justifi[ed] a modification or nullification of the injunction."
[4] We recognize that although counsel represented appellant during oral arguments, he was proceeding pro se at the time he filed his brief in this matter. Therefore, when drafting his arguments appellant was bound by the same procedural demands as a party represented by counsel.Grenga v. Smith (Mar. 15, 2002), 11th Dist. No. 2001-T-0040, 2002 WL 409022, at 7. Simply stated, appellant may not rely upon his lack of experience or representation "as an excuse for [his] failure to submit a brief in compliance with the Appellate Rules and this Court's Local Rules." Chuluda v. DeMarco (Jan. 3, 2001), 9th Dist. No. 19230, 2001 WL 7380, at 1.