JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Defendant-appellant claims the Shaker Heights Municipal Court erred by exercising jurisdiction over this matter because his counterclaim and third party complaint sought judgment for an amount which exceeded the municipal court's jurisdiction. It is well settled that Civil Rule 13(J) does not require the municipal court to certify a case to the common pleas court automatically upon the filing of a counterclaim which exceeds the municipal court's jurisdiction. Rather, the municipal court should first determine if the counterclaim satisfies the formalities of the civil rules and states a claim showing that the party is entitled to relief. Hersch v. Debreczeni (1973), 33 Ohio App.2d 235,238-39. Here, appellees both moved the municipal court to dismiss the counterclaim and third party complaint for failure to state a claim because appellant lacked standing. The municipal court granted these motions and dismissed the counterclaim and third party complaint. Appellant does not claim this decision was in error. Therefore, the counterclaim and third party complaint did not deprive the municipal court of jurisdiction in this matter. We overrule the assignment of error and affirm.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, P.J. and Calabrese, Jr., J. Concur.