OPINION
{¶ 1} Appellant, Nawaz Ahmed, appeals the October 25, 2002, Docket and Journal Entry rendered by the Belmont County Court of Common Pleas. This entry overruled three motions filed by Appellant, which included a "Motion to Hold Plaintiff [Appellee] in misconduct and to Squash his Ex-Parte Letters and Intentional Circumventing Court Proceedings"; a "Motion to Set Aside the Order of September 25, 2002, for Grossly Violative of Law"; and a "Motion to State Findings of Fact and Conclusions of Law about the Court's Entry of Dismissal of the Case and to Vacate Dismissal Order." All of these motions concerned Appellee, Thomas Hampton's voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).
 {¶ 2} On November 16, 1999, Appellee, administrator of the estate of Lubaina Bhatti Ahmed, filed a complaint seeking decedent's share of the parties' marital assets. Lubaina was Appellant's wife, but she had filed for divorce prior to her death. Appellant was subsequently charged with her murder. He was convicted of four aggravated murders with capital specifications, including Lubaina's, and he has been sentenced to death.
 {¶ 3} According to the trial court's docket in the instant cause, it does not appear that Appellant ever filed an answer in response to Appellee's complaint. However, beginning March 23, 2000, Appellant repeatedly filed pro se motions seeking the release of restrained funds so that he could retain counsel to represent him in this matter. In response to these motions, the trial court continually indicated that it would consider releasing funds once Appellant complied with certain disclosures, including revealing the sum of the funds under his control. (April 7, 2000, Judgment Entry, June 29, 2000, Journal Entry.) The record does not indicate that any funds were ever released on Appellant's behalf. Appellant subsequently filed several motions to dismiss Appellee's complaint, which were overruled.
 {¶ 4} On September 12, 2002, Appellant filed a "REPLY BRIEF OF DEFENDANT AND CROSS CLAIMS-Counter Claims" in which he accused the decedent's divorce attorney, Grace Hoffman, and Appellee of intentionally taking his personal property from decedent's residence. Appellant requested an accounting and listing of the disposal of decedent's estate assets and personal property. He asserted that Hoffman and Appellee are, "jointly and severely" [sic] liable, and that, "Both [Hoffman and Appellee] can be made party to this claim but has not been made a party." (September 12, 2002, "REPLY BRIEF OF DEFENDANT AND CROSS CLAIMS-Counter Claims".)
 {¶ 5} He also alleged that Attorney Hoffman committed several acts of fraud against him and the domestic relations court. Appellant also claimed that Appellee, who is also an attorney, committed fraud against the probate court.
 {¶ 6} Thereafter, on September 25, 2002, Appellee filed a notice in letter form and a docket entry stating that he was dismissing the original complaint without prejudice pursuant to Civ.R. 41(A)(1) and R.C. § 2305.19. The dismissal was approved on that same date.
 {¶ 7} In response, Appellant filed a, "MOTION TO SETASIDE THE ORDER OF 9-25-2002 For Grossly Violative of Law, AND RUBBER STAMPED BLINDLY," asserting that his counterclaim precluded Appellee's voluntary dismissal.
 {¶ 8} In an October 25, 2002, Journal Entry, the trial court held that Appellant's purported counterclaim was both untimely filed and filed without court approval. It noted that Appellant's counterclaim was part of his reply brief, was filed almost three years after the original complaint without leave of court, and that it purported to assert counterclaims against non-parties, Attorneys Hoffman and Hampton. Consequently, the trial court confirmed its approval of Appellee's Civ.R. 41(A) dismissal without prejudice. (October 25, 2002, Docket and Journal Entry.)
 {¶ 9} Appellant appealed from this October 25, 2002, Docket and Journal Entry. He raises five assignments of error on appeal:
 {¶ 10} "Trial Court abused its discretion in making false findings of facts in an effort to hide its own non-jurisdictional acts and violated [Appellant's] right to Fair and Impartial Adjudication.
 {¶ 11} "Trial court erred to the prejudice of defendant-Appellant when it denied all motions of defendant in its order of 10/25/02 without addressing the factual and legal issues raised by defendant, including Motion to State Findings of Fact and Law about the wrongful dismissal of case by court order of 9/25/02, which tolls the time the time [sic] to appeal as entry was not served and also to file any Civ.R. 60 B Motion.
 {¶ 12} "Trial court erred to the prejudice of appellant when court by signing the docket entry of 9/25/02 dismissed the case actually under Civ.R. 41(A)(2), without filing any Motion and Notice to defendant, but falsly [sic] stated dismissal under Civ.R. 41(A)(1) when No Notice of Dismissal was ever filed, and was never served upon [Appellant].
 {¶ 13} "[Appellee] committed misconduct and trial judge abused discretion and power under Civ. Rules Procedure when judge signed entry by collusion and wrongly dismissed case 99-CV-457 fully knowing that judge lacked jurisdiction over Family Law to entertain the Case filed by Plaintiff, hence dismissal with saving statute to refile was utter stupidity when no Notice of Voluntary dismissal has been filed.
 {¶ 14} "Court of Appeals is Wrong to presume any facts stated by Trial Judge as accurate when Record in Case contradicts purported facts and judge had already dismissed the Motion to state facts and Law. Further Court of Appeals is wrong to presume that Civ.R. 60 (B) Motion were filed by defendant after actually receiving the Notice of Entry of Order of9/25/02 when record show no service and none was made, but appellant received a clue from some third party but no actual order. Court of Appeals is further wrong in presuming that Appellant has a duty to file a case Docketing Statement and Praecipe without first receiving a copy of Forms from Clerk of court as provided by Local Rule VII. Record show no service of Forms upon Appellant to date[.]"
 {¶ 15} Based on the record here, Appellant's assignments of error lack merit and are overruled.
 {¶ 16} Civ.R. 41(A)(1)(a) provides for a plaintiff's voluntary dismissal without a court order by filing a notice of dismissal any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant. "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A)(1)(b).
 {¶ 17} Civ.R. 41(A)(1)(a) provides that a plaintiff has an absolute right to terminate the litigation through dismissal. Andrews v. SajarPlastics, Inc. (1994), 98 Ohio App.3d 61, 66, 647 N.E.2d 854. It does not require the court's approval or notice to opposing counsel. Id.
 {¶ 18} In the instant matter, Appellee filed his notice of voluntary dismissal in letter form on September 25, 2002. Appellee also submitted a judgment entry with the notice of dismissal even though approval was not required. Civ.R. 41(A)(1)(a). The trial court judge approved the dismissal entry on that same date.
 {¶ 19} Although Appellant is correct in asserting that in certain circumstances a counterclaim could preclude a plaintiff from voluntarily dismissing his complaint, those facts are not before us in the instant matter. Only compulsory counterclaims that cannot remain pending for independent adjudication preclude a plaintiff's voluntary dismissal. Civ.R. 41(A)(1)(a).
 {¶ 20} Appellant never filed a valid counterclaim in the instant cause for several reasons. First, nothing in the trial court's record reflects that Appellant ever filed an answer to Appellee's complaint. However, Appellee never brought this to the trial court's attention or sought a default judgment against Appellant.
 {¶ 21} Second, as the trial court notes, Appellant's counterclaim was filed without leave of court. Granting a motion for leave to file a counterclaim is reserved to the sound discretion of the trial court judge, and may be reversed only upon showing of abuse of discretion.R.C.H. Co., v. 3-J Machining Service, Inc., 8th Dist. No. 82671, 2004-Ohio-57, at ¶ 31. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 22} In the instant matter, Appellant did not even request leave of court to file his purported cross-claims and counterclaims. Thus, the trial court could not have abused its discretion in failing to grant leave of court when such leave was never requested.
 {¶ 23} Next, in Appellant's "counterclaim" he attempted to assert claims against individuals who were not parties to the original action. "It is elementary that a counterclaim may only be asserted against an opposing party." Quintas v. McClure (1987) 41 Ohio App.3d 402, 404,536 N.E.2d 22, citing Civ.R. 13(A). Appellant attempted to assert claims against the estate administrator and against the decedent's divorce attorney. Specifically, Appellant claimed that Attorneys Hampton and Hoffman took certain items from the decedent's residence after her demise. It also alleges the mishandling of the estate assets. However, these types of allegations likely should have been addressed during the administration of the decedent's estate in the probate court.
 {¶ 24} Appellant also alleged that Appellee and Hoffman defrauded him and the court. Appellee was not personally a party to the original lawsuit, but as administrator was appointed by the court to manage the estate.
 {¶ 25} Since Appellee was not a party opposing Appellant in the original action, Appellant's alleged claims against her do not constitute a counterclaim. In addition, Appellant's claims against Appellee were not against him in his representative capacity. Appellee was not a party to the original lawsuit in his personal capacity.
 {¶ 26} Further, even if we could assume that Appellee was a party to the suit, the nature of the claims against him did not assert compulsory claims that could not remain pending for independent adjudication without Appellee's original claims. Thus, they did not constitute compulsory counterclaims barring Appellee's voluntary dismissal under Civ.R. 41(A)(1)(a).
 {¶ 27} Finally, a cross-claim is a claim, "by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action." Civ.R. 13(G). Neither Attorney Hoffman nor Appellee was Appellant's co-party in the original lawsuit.
 {¶ 28} Based on the foregoing, Appellant's assignments of error lack merit. Appellant's claimed cross-claims and counterclaims were lacking since they were filed without leave of court and they failed to assert valid counterclaim or cross-claims. As such, Appellee's right of voluntary dismissal is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.