OPINION AND JOURNAL ENTRY
{¶ 1} On March 7, 2005, we affirmed the trial court's judgment in the abovecaptioned matter in an Opinion styled Hampton v. Ahmed, 7th Dist. No. 02 BE 66, 2005-Ohio-1115. On March 16, 2005, Appellant, Nawaz I. Ahmed, timely filed a motion for reconsideration and a motion to certify a conflict.
 {¶ 2} Appellant's motions arise from his prior appeal in which Appellee voluntarily dismissed his civil suit in the Belmont County Court of Common Pleas. This Court affirmed Hampton's right to voluntarily dismiss his case under Civ.R. 41(A)(1)(a).
 {¶ 3} Appellee, Thomas A. Hampton, as administrator of the estate of Lubaina Bhatti Ahmed, has not filed any response herein. Undoubtedly, this is due to the fact that Appellant improperly failed to serve Appellee with either motion. Instead, Appellant indicated that Appellee is not entitled to service since he failed to respond in the underlying appeal. Notwithstanding Appellant's improper lack of service and the denial of Appellee's opportunity to respond, in our review of Appellant's motions herein, we find that both lack merit and are overruled.
 Motion to Certify a Conflict {¶ 4} App.R. 25(A) requires a party filing a motion to certify a conflict to, "specify the issue proposed for certification and * * * cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed." This Court must certify a conflict if our judgment conflicts with a judgment pronounced upon the same question by any other court of appeal of this state. Ohio Constitution, Article IV, Section 3(B)(4); Whitelock v. Gilbane Bldg.Co. (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032, paragraph one of the syllabus.
 {¶ 5} Appellant raises two issues where he believes our decision conflicts with other courts of appeal.
 {¶ 6} Appellant first asserts that a conflict exists since this Court addressed errors that occurred in the trial court that were allegedly waived by Appellee. Specifically, Appellant argues that Appellee never challenged Appellant's purported counterclaims and cross-claims. Since Appellee did not oppose or address deficiencies in Appellant's claims in the trial court or on appeal, Appellant asserts that the trial court and this Court were precluded from finding that his counterclaims and cross-claims lacked merit. Consequently, he claims that his purported counterclaims and cross-claims precluded Appellee's voluntary dismissal of the underlying cause.
 {¶ 7} The cases that Appellant claims to be in conflict with this Court's decision on this issue, however, stand for the general rule of law that an error not initially raised in the trial court is waived and cannot be assigned as error on appeal. Owners Mgt. Co. v. Moore (1996),111 Ohio App.3d 820, 825, 677 N.E.2d 400; Blanton v. Internatl.Minerals Chem. Corp. (1997), 125 Ohio App.3d 22, 27, 707 N.E.2d 960. In Blanton for example, the court held that the failure to object to the admission of evidence waived the right to assign that issue as error on appeal. Id.
 {¶ 8} Although Appellant is correct is his assertion that one is generally precluded from raising errors on appeal that were not addressed in the trial court, he misconstrues the application of this rule of law to the instant matter. Appellee did not assign as error on appeal the inadequacies of Appellant's claims. In fact, Appellee did not assign any errors on appeal. However, Appellee's failure to address the inadequacies of Appellant's claims does not prohibit the trial court or this Court from reviewing these claims in our determination as to whether they precluded Appellee's right of voluntary dismissal.
 {¶ 9} As this Court previously held, Appellant's purported counterclaims and cross-claims were untimely filed without leave of court and attempted to assert claims against non-parties. As such, the counter and cross-claims did not prevent Appellee's right of voluntary dismissal. Hampton, supra, at ¶ 28. Because he does not address the specific issued involved, Appellant's first asserted conflict wholly lacks merit.
 {¶ 10} In Appellant's second assertion of a conflict, he alleges that this Court's recognition of Appellee's notice of voluntary dismissal in letter form conflicts with other court decisions. Appellant generally directs this Court's attention to the decisions rendered in Hammond v.Moon (1982), 8 Ohio App.3d 66, 8 OBR 97, 455 N.E.2d 1301, Catalano v.Pisani (1999), 134 Ohio App.3d 549, 731 N.E.2d 738, Ham v. Park
(1996), 110 Ohio App.3d 803, 675 N.E.2d 505. However, Appellant fails to explain how his own case conflicts with the foregoing decisions. He simply lists these cases as demonstrating a purported conflict. Based on this Court's review, neither Hammond nor Catalano, supra, have any common issues with the instant matter.
 {¶ 11} Further, although the instant cause and Ham, supra, both dealt with dismissals under Civ.R. 41, Ham concerned the trial court's misconstruction of a Civ.R. 41(A)(2) request. A Civ.R. 41(A)(2) request to dismiss without prejudice requires a court order. To the contrary, a Civ.R. 41(A)(1) dismissal only requires a party to file a notice of dismissal before the commencement of trial.
 {¶ 12} Appellee filed a Civ.R. 41(A)(1) notice of dismissal in the instant matter. He filed a notice in letter form and a docket entry indicating his voluntary dismissal pursuant to Civ.R. 41(A)(1). Both the letter and the docket entry were filed, i.e., dated and time stamped, by the Belmont County Clerk of Courts on September 25, 2002.
 {¶ 13} Based on the foregoing, Appellant has failed to demonstrate how our Opinion conflicts with a judgment pronounced upon the same question by any other court of appeal in this state. Thus, Appellant's second asserted conflict also lacks merit. His motion to certify a conflict is hereby overruled.
 Application for Reconsideration {¶ 14} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard of review is:
 {¶ 15} "[W]hether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515, paragraph one of the syllabus, citing Matthews v.Matthews (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278.
 {¶ 16} A party seeking reconsideration must raise one of the three alleged errors in its application and support the request with the necessary portions of the appellate record in order to prevail in its application. An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision. State v. Owens (1996), 112 Ohio App.3d 334, 336,678 N.E.2d 956.
 {¶ 17} Appellant's reconsideration request in the instant matter essentially sets forth his disagreement with this Court's prior decision. He again argues that Appellee waived the irregularities in Appellant's purported counterclaims and cross-claims by failing to timely object or to defend the claims at the trial court level. Next, Appellant disputes this Court's recognition of Appellee's notice of voluntary dismissal in letter form claiming that this action did not constitute proper notice. However, this Court has fully addressed these issues in our underlying decision.
 {¶ 18} Appellant's application for reconsideration fails to identify an area that was raised in Appellant's appeal that this Court either failed to address or adequately analyze. Appellant likewise does not identify an obvious error in this Court's decision. Appellant simply disagrees with this Court's decision.
 {¶ 19} Based on the foregoing, Appellant's motion for reconsideration lacks merit and is overruled.
Waite, J., concurs.
Vukovich, J., concurs.
DeGenaro, J., concurs.