OPINION
{¶ 1} Donald W. Stoyer, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the trial court dismissed appellant's counterclaim against Liberty Credit Services, Inc. ("Liberty").
 {¶ 2} Appellant had a credit card account with Providian National Bank ("Providian"). Providian assigned the account to Liberty. On September 14, 2004, Liberty filed a complaint in the Franklin County Municipal Court seeking recovery against appellant for past due amounts in the principal amount of $816.75, plus accrued interest. On October 26, 2004, appellant filed an answer and motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(1). Liberty filed a brief in opposition to appellant's motion to dismiss and appellant filed a reply. On November 30, 2004, the trial court denied appellant's motion to dismiss.
 {¶ 3} On April 5, 2005, appellant filed a counterclaim against Liberty, as well as a motion and/or instructions to transfer action to the Franklin County Court of Common Pleas. In his counterclaim, appellant prayed for actual damages of $46,000 and punitive damages of $500,000. In his motion to transfer, appellant sought to transfer the matter to the Franklin County Court of Common Pleas because his counterclaim sought damages beyond the monetary jurisdictional limits of the municipal court. A hearing was held on April 12, 2005, at which Liberty moved to dismiss the case without prejudice. On April 15, 2005, Liberty filed a dismissal of its complaint without prejudice, and the trial court filed an entry the same day, dismissing Liberty's complaint and dismissing appellant's counterclaim. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
A. § Assignment of Error #1:
The Honorable Municipal Court lacked monetary jurisdiction pursuant toO.R.C. §§ 1901.17 regarding this appellants counterclaim, and lacked authority/abused its discretion/error to dismiss the appellantscounterclaim.
 B. § Assignment of Error #2:
The Honorable Municipal Court lacked subject matter jurisdiction and/orabused its discretion/error pursuant to O.R.C. §§ 1901.18 andO.R.C. §§ 1925.02 regarding this appellants counterclaim, and lacked authority/jurisdiction to dismiss the appellants counterclaim.
 C. § Assignment of Error #3:
The Honorable Municipal Court abused its discretion pursuant to O.R.C.§§ 1901.19 regarding this appellants counterclaim, and lacked authority to dismiss the appellants counterclaim through its jurisdictional power to do so.
D. § Assignment of Error #4:
The Honorable Municipal Court abused its discretion pursuant to O.R.C.§§ 1901.22(E) regarding this appellant's counterclaim, and lacked authority to dismiss the appellants counterclaim through itsjurisdictional power to do so, and failed to transfer counterclaim to theappropriate court to be adjudicated on all of its issues.
 E. § Assignment of Error #5:
The Honorable Municipal Court lacked jurisdiction pursuant to O.R.C. §§1925.02(A)(2) regarding this appellants counterclaim, and lacked authority and/or abused its discretion/error to dismiss the appellantscounterclaim regarding punitive or exemplary damages.
 F. § Assignment of Error #6:
The Honorable Municipal Court abused its discretion/error pursuant toO.R.C. §§ 1925.02(C) regarding this appellants counterclaim, and lacked authority/jurisdiction to dismiss the appellants counterclaim regardingleave, because the appellant had filed such "with seven days prior to the date of the trial[.]"
G. § Assignment of Error #7:
The Honorable Municipal Court abused its discretion/error pursuant toO.R.C. §§ 1925.10 regarding this appellants counterclaim, and failed to transfer pursuant to the entire action to the Franklin County Common Pleas Court for a complete adjudication upon all of the issues.
H. § Assignment of Error #8:
The Honorable Municipal Court abused its discretion/error pursuant toO.R.C. §§ 2323.23 regarding this appellants counterclaim, and lacked authority to dismiss the appellants counterclaim and its jurisdictionalpower to do so by not considering it's relevant authority to the action
pursuant the appellants motion to transfer said action.
J. § Assignment of Error #9:
The Honorable Municipal Court abused its discretion/error pursuant toLocal Rule 3.03 regarding this Change of trial counsel, where pursuant to the transcripts of these proceedings the designated trial counsel Mr.James G. Kozelek (0073615) had never submitted "an entry containing the designation of new trial counsel and the agreement of the prior trial counsel," which said entry and/or agreement was never submitted to thisappellant.
 K. § Assignment of Error #10:
The Honorable Municipal Court abused its discretion/error pursuant toO.R.C. §§ 4705.01, which said Honorable Judge Carrie Glaeden advised thisappellant to re-file his action in the Franklin County Common Pleas Court pursuant to her entry/order, when in fact, such advise would be improper and/or irreversible error.
[sic.]
 {¶ 4} Appellant's first, second, third, fourth, fifth, sixth, seventh, and eighth assignments of error will be addressed together, as they are all related. Appellant essentially argues in all of these assignments of error that the trial court erred in dismissing his counterclaim and failing to transfer his counterclaim to the common pleas court. We find the trial court did not err. Civ.R. 12(A)(1) provides, in pertinent part:
(A) When answer presented
 (1) Generally. The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him * * *.
Civ.R. 12(B) provides, in pertinent part:
Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required * * *.
Civ.R. 13(A) provides, in pertinent part:
(A) Compulsory counterclaims
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *
Civ.R. 15(A) provides, in pertinent part:
(A) Amendments
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *
Civ.R. 13(F) provides:
(F) Omitted counterclaim
When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.
 {¶ 5} In the present case, appellant filed a counterclaim above the jurisdictional limits of the municipal court, which would normally trigger the provisions of R.C. 1901.22(E) and Civ.R. 13(J) requiring the judge to certify the proceedings to the court of common pleas. However, appellant failed to assert the counterclaim in his answer to the complaint as required by Civ.R. 12(B) and 13(A). Also, because appellant filed his counterclaim more than 28 days after he filed his answer, he could not amend the answer, as a matter of right, to include the counterclaim. See Civ.R. 15(A). When a party fails to assert an available counterclaim in a responsive pleading, and the time for amendment of such pleading as a matter of right has passed, the party must seek leave of court to include the counterclaim. See Civ.R. 13(F) and 15(A); Mihalich v. Heyden, Heyden Hindinger, II, Summit App. No. 21318, 2003-Ohio-2848, at ¶ 29, citingNational City Bank v. Fleming (1981), 2 Ohio App.3d 50.
 {¶ 6} Here, appellant did not seek leave to file his counterclaim. Although a trial court's failure to grant a motion for leave to file a counterclaim may be reversed based upon an abuse of discretion, when a party does not even request leave of court to file the purported counterclaim, the trial court cannot be said to have abused its discretion in failing to grant leave. Hampton v. Ahmed, Belmont App. No. 02 BE 66, 2005-Ohio-1115, at ¶ 21-22. At both the hearing on the motion to dismiss and in the judgment entry, the trial court in the present case found appellant's failure to seek leave of court to file the counterclaim was fatal to maintaining jurisdiction over the matter once Liberty's original complaint had been dismissed. Therefore, the trial court properly dismissed appellant's counterclaim.
 {¶ 7} Further, as the trial court properly dismissed appellant's counterclaim, it did not err when it did not transfer appellant's counterclaim to the common pleas court. It is well-settled that Civ.R. 13(J) does not require the municipal court to certify a case to the common pleas court automatically upon the filing of a counterclaim that exceeds the municipal court's jurisdiction. Crisalli v. Mearini, Cuyahoga App. No. 84245, 2004-Ohio-6018, at ¶ 2. Rather, the municipal court must first determine if the counterclaim satisfies the formalities of the civil rules and states a claim showing that the party is entitled to relief. Id., citing Hersch v. Debreczeni (1973), 33 Ohio App.2d 235,238-239. Here, the trial court acted properly in first determining whether appellant complied with the civil rules before transferring the matter. Having found that appellant failed to seek leave to file his counterclaim in contravention of the civil rules, the trial court did not err when it dismissed appellant's counterclaim instead of certifying the proceedings to the court of common pleas. For these reasons, appellant's first, second, third, fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.
 {¶ 8} Appellant argues in his ninth assignment of error that the trial court erred in failing to allow Liberty to change trial counsel without submitting a change of trial counsel entry pursuant to Franklin County Municipal Court Loc.R. 3.03, which provides:
3.03 Change of trial counsel. Once trial counsel has been designated, such designation shall remain until termination of the case. Change of trial counsel may be permitted by the judge assigned to the case upon the filing of an entry containing the designation of new trial counsel and the agreement of prior trial counsel.
 {¶ 9} Appellant contends that Liberty's designated trial counsel, James G. Kozelek, never submitted an entry containing the designation of new trial counsel. Apparently, appellant is referring to the April 12, 2005 hearing at which Liberty dismissed the matter without prejudice, and another attorney from the same office as Kozelek appeared to request dismissal of the complaint. However, appellant failed to raise this issue at the hearing. The failure to raise an issue in the trial court results in a waiver of the issue for purposes of appeal, and may only be addressed where there is plain error. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. In the present case, even if Loc.R. 3.03 is implicated when another attorney from the same office appears at a hearing to dismiss the matter, plain error would not exist because any error was not prejudicial. See Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207; Reichert v. Ingersoll (1985), 18 Ohio St.3d 220. Appellant has failed to show, or even allege, any prejudice by such a substitution, and we fail to see how appellant could have been prejudiced under these circumstances. For these reasons, appellant's ninth assignment of error is overruled.
 {¶ 10} Appellant argues in his tenth assignment of error that the trial court advised him to re-file his action in the Franklin County Court of Common Pleas, pursuant to his entry, when in fact such advice was improper and/or reversible error. However, given our disposition of appellant's first eight assignments of error, we find no error. Appellant's tenth assignment of error is overruled.
 {¶ 11} Accordingly, appellant's ten assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE and SADLER, JJ., concur.